**STATE of Iowa, Appellee,**

v.

**Frederick William HUNTER, Appellant.**

**No. 95–622.**

Supreme Court of Iowa.

June 19, 1996.

Rehearing Denied July 26, 1996.

William L. Kutmus of Kutmus & Pennington, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Steven Foritano, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Appellant, Frederick W. Hunter, was convicted of sexual exploitation of a minor after he photographed his partially-clothed,

adopted daughter in provocative poses. *See* Iowa Code §§ 728.12(1), 728.1(6)(g) (1993). On appeal, he claims section 728.1(6)(g) is void for vagueness. We disagree and affirm.

## I. *Background Facts and Proceedings.*

Clad only in his underwear and sexually aroused, Hunter photographed his twelve-year-old daughter in various stages of undress in a motel room. Several photographs show the girl's exposed breasts, pubic area and buttocks. In a number of the photographs, the girl is in provocative poses: legs widely parted; hands draped on her breasts; a pillow between her thighs; and hands cupping her buttocks. When Hunter attempted to have the film developed, the processor summoned the authorities.

The State charged Hunter with sexual exploitation of a minor in violation of sections 728.12(1) and 728.1(6)(g). Hunter filed a motion to dismiss contending section 728.1(6)(g) was void for vagueness because it did not contain a definition of the term "nudity" or of the phrase "for the purpose of arousing or satisfying the sexual desires." The district court overruled his motion. Hunter then pleaded guilty and was sentenced to prison for a period not to exceed ten years. Hunter appealed.[1]

## II. *Standard of Review.*

We review constitutional claims de novo. *State v. Huisman,* 544 N.W.2d 433, 436 (Iowa 1996). As part of our analysis of a vagueness challenge we presume the statute is constitutional and give it any reasonable construction necessary to uphold it. *State v. Osmundson,* 546 N.W.2d 907, 909 (Iowa 1996).

## III. *Vagueness Claim.*

Iowa Code section 728.12 prohibits the sexual exploitation of a minor:

A person commits a class "C" felony when the person employs, uses, persuades, induces, entices, coerces, knowingly permits, or otherwise causes a minor to engage in a

---

1. Hunter's guilty plea did not waive his right to challenge on appeal the statute under which he was charged as unconstitutionally vague. *See*

*State v. White,* 545 N.W.2d 552, 554 (Iowa 1996); *State v. Jaeger,* 249 N.W.2d 688, 690 (Iowa 1977).

*prohibited sexual act* or in the simulation of a prohibited sexual act if the person knows, has reason to know, or intends that the act or simulated act may be photographed, filmed, or otherwise preserved in a negative, slide, book, magazine, or other print or visual medium....

Iowa Code § 728.12(1) (1993) (emphasis added). The "prohibited sexual act" providing the basis for the charge against Hunter is "[n]udity of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a depiction of the nude minor." *See id.* § 728.1(6)(g).

Hunter claims the definition of "prohibited sexual act" is unconstitutionally vague. First, he argues there is no statutory definition of "nudity of a minor for the purpose of arousing or satisfying the sexual desires of a person." Second, he claims First Amendment rights are implicated because the statute reaches persons who merely derive sexual enjoyment from a photograph of a nude minor.

■ A. *Vagueness jurisprudence.* "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983); *accord Osmundson,* 546 N.W.2d at 909; *State v. Willis,* 218 N.W.2d 921, 923 (Iowa 1974). This principle protects several important values:

First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked."

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972) (citation omitted); *accord Osmundson,* 546 N.W.2d at 908–09.

■ B. *Standing.* A defendant charged with the violation of a statute has standing to claim the statute is unconstitutionally vague as applied to him or her. A defendant does not necessarily have standing to claim, in addition, that a statute is unconstitutional as applied to others. *State v. Price,* 237 N.W.2d 813, 816 (Iowa) (defendant not allowed to make a facial challenge to statute), *appeal dismissed,* 426 U.S. 916, 96 S.Ct. 2619, 49 L.Ed.2d 370 (1976).

If a statute is constitutional as applied to the defendant, the defendant lacks standing to make a facial challenge unless a recognized exception applies. *Id.* One such exception is a situation in which First Amendment rights are implicated. *Id.; see Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524, 540 (1991) ("First Amendment freedoms are not infringed by [the statute], so the vagueness claim must be evaluated as the statute is applied to the facts of this case.").

The United States Supreme Court has not been entirely clear with respect to the scope of this First Amendment exception. In *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), the Court stated the fact a statute regulated expression did not suggest

that one who has received fair warning of the criminality of his own conduct from the statute in question is nonetheless entitled to attack it because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit. *One to whose*

*conduct a statute clearly applies may not successfully challenge it for vagueness.*
*Parker,* 417 U.S. at 756, 94 S.Ct. at 2562, 41 L.Ed.2d at 458 (emphasis added); *accord Kolender,* 461 U.S. at 370, 103 S.Ct. at 1865, 75 L.Ed.2d at 917 (White, J., dissenting). In contrast, in *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976), the Court observed that "a defendant whose own speech was unprotected had standing to challenge the constitutionality of a statute which purported to prohibit protected speech, or even speech arguably protected." *Young,* 427 U.S. at 59, 96 S.Ct. at 2447, 49 L.Ed.2d at 319. The Court explained that this exception to the standing requirement applied only where a statute's deterrent effect on legitimate expression was "real and substantial." *Id.* at 60, 96 S.Ct. at 2447, 49 L.Ed.2d at 320.

In *Kolender v. Lawson,* the Court provided further illumination upon the question of standing. *See Kolender,* 461 U.S. at 358–62, 103 S.Ct. at 1858–60, 75 L.Ed.2d at 910–11. The Court explained that while vagueness "focuses both on actual notice ... and arbitrary enforcement ... the more important aspect [is] ... the requirement that a legislature establish minimal guidelines to govern law enforcement." *Id.* at 357–58, 103 S.Ct. at 1858, 75 L.Ed.2d at 909. The Court allowed a facial challenge to a penal vagrancy statute because that statute "encouraged arbitrary enforcement" by failing to provide clear criteria for enforcement; the statute reached "a substantial amount of constitutionally protected conduct." *Id.* at 358–62, 103 S.Ct. at 1858–60, 75 L.Ed.2d at 910–11.

■ The Court noted that in the arbitrary enforcement context, facial vagueness is "logically related and similar" to the overbreadth doctrine.[2] *Id.* at 359 n. 8, 103 S.Ct. at 1859 n. 8, 75 L.Ed.2d at 910 n. 8; *see* Richard H. Fallon, Jr., *Making Sense of Overbreadth,* 100 Yale L.J. 853, 904 (1991) [hereinafter *Overbreadth* ] ("First Amendment vagueness doctrine is best conceptualized as a subpart of First Amendment overbreadth doctrine."); Note, *The Void for Vagueness Doctrine in the Supreme Court,* 109 U.Pa.L.Rev. 67, 110–13 (1960) (vagueness and overbreadth are indistinguishable); *see also Grayned,* 408 U.S. at 108–110, 92 S.Ct. at 2298, 33 L.Ed.2d at 227–28 (discussing vagueness policies); *Gooding v. Wilson,* 405 U.S. 518, 521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408, 413–14 (1972) (discussing overbreadth policies). As a result, "facial vagueness analysis becomes the functional equivalent of facial overbreadth analysis." *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1347 (9th Cir.1984); *see State v. Steiger,* 162 Ariz. 138, 781 P.2d 616, 622 (App.1989); *City of Englewood v. Hammes,* 671 P.2d 947, 951 (Colo.1983) (en banc). This similarity is apparent when one examines the standing requirements for a First Amendment overbreadth challenge:

> When speech or expressive activity forms a significant part of a law's target, the law is subject to facial challenge and invalidation if: (i) it is "substantially overbroad"— that is, if its illegitimate applications are too numerous "judged in relation to the statute's plainly legitimate sweep," and (ii) no constitutionally adequate narrowing construction suggests itself.

*Overbreadth,* 100 Yale L.J. at 863 (citations omitted); *see Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1697, 109 L.Ed.2d. 98, 111 (1990).

Because *Kolender* represents the most recent statement of the Court's position, we apply the more liberal standing test of *Kolender* and *Young.* Under this overbreadth-type approach, a facial challenge is permitted if a statute reaches "a substantial amount" of protected conduct. *See Broadrick v. Oklahoma,* 413 U.S. 601, 613–15, 93 S.Ct. 2908, 2916–17, 37 L.Ed.2d 830, 841–42 (1973) (overbreadth employed "sparingly and only as a last resort"; overbreadth "must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep"); *see also New York v. Ferber,* 458 U.S. 747, 771, 102 S.Ct. 3348, 3362, 73 L.Ed.2d 1113, 1132 (1982) (no invalidation for overbreadth unless statute reaches a substantial number of permissible activities).

---

**2.** An overbroad statute reaches protected as well as unprotected conduct. *See State v. Farrell,* 209 N.W.2d 103, 108 (Iowa 1973).

Our analysis begins, therefore, with an examination of whether section 728.1(6)(g) is vague as applied to Hunter. If the statute clearly applies to Hunter's conduct, we will then consider whether the statute, nevertheless, reaches a substantial amount of protected expression. If it does, we will address Hunter's facial challenge to the statute. If the statute does not reach a substantial amount of protected conduct, we will not decide whether the statute is void for vagueness on its face.

C. *Vague as applied.* Although we are at this point considering only Hunter's vague-as-applied claim, we must still examine the statute "on its face." *See Price,* 237 N.W.2d at 816. In doing so, we consider whether Hunter's conduct clearly falls "within the proscription of the statute under any construction." *See id.* The fact the statute may be vague as applied to other factual scenarios is irrelevant to this analysis. *See id.*

Hunter complains there is no statutory definition of "nudity" or "for the purpose of arousing or satisfying the sexual desires of a person" so as to alert him his conduct was prohibited. We do not think the challenged language is vague as applied to the situation before us.

A statutory term provides fair warning if the meaning of the word "is to be fairly ascertainable by reference to similar statutes, prior judicial determinations, reference to the dictionary, or if the questioned words have a common and generally accepted meaning." *State v. Kueny,* 215 N.W.2d 215, 217 (Iowa 1974). The common meaning of the word "nudity" includes exposure of the breasts, buttocks *or* genitalia. *See Wright v. Town of Huxley,* 249 N.W.2d 672, 678 (Iowa 1977) ("We find it difficult to believe … people of common intelligence would not understand the meaning of nudity or would not be able to determine when the ordinance was violated by exposing to public view the breasts, buttocks, *or* genitals.") (emphasis added); *State v. Salata,* 859 S.W.2d 728, 733–36 (Mo.App.1993) (statute prohibiting photographing of child engaging in a prohibited

sexual act, where sexual act was defined as "nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction"; court rejected vagueness claim and interpreted "nudity" to mean *"inadequately or partially* clothed esp. so as to be socially unacceptable") (emphasis added); *cf.* Iowa Code § 728.5 (prohibiting public exposure of "the genitals *or* buttocks *or* female breast") (emphasis added). The common meaning of "nudity" does not require total nakedness.

Whatever doubts there may be about the applicability of the statute in other contexts, Hunter's conduct falls squarely within the statute's target of "nudity of a minor." Although Hunter's daughter is not totally naked in any photograph, various photographs do show her bare breasts, pubic area and buttocks. Therefore, the statute's nudity requirement is not vague when applied to the conduct charged to Hunter.

Nor is the statute vague in its application to Hunter of the phrase "for the purpose of arousing or satisfying the sexual desires." A similar challenge was made in *State v. Bohannon,* 62 Wash.App. 462, 814 P.2d 694 (1991). In *Bohannon,* a defendant convicted of sexual exploitation of a minor claimed the statute was unconstitutionally vague. *Bohannon,* 814 P.2d at 697. The defendant contended "the language 'for the purpose of sexual stimulation of the viewer' allows for arbitrary determinations as to which nude exhibitions are sexually stimulating." *Id.* The Washington court rejected this argument, concluding the challenged language was not vague but rather clarified and narrowed the reach of the statute: "It is this language that would permit a trier of fact to distinguish between pictures of the sort taken here[3] and those for 'legitimate scientific, medical, or educational activities.'" *Id.*

The same analysis is appropriate here: the challenged phrase allows the general public and those enforcing the statute to distinguish between prohibited conduct and protected expression. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S.

---

**3.** The defendant in *Bohannon* took photographs    of his nude, sixteen-year-old stepdaughter.

489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 372 (1982) ("[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."). Hunter can hardly claim one in his position would think his conduct innocent when he took the photographs late at night, in a motel room, dressed only in his underwear and with an erection. Whatever ambiguity may arguably exist at the edges of this statute, Hunter had fair warning his action in photographing his partially-clothed daughter in provocative poses fell within the act. *Cf. Osborne*, 495 U.S. at 116, 110 S.Ct. at 1700, 109 L.Ed.2d at 113 (in considering overbreadth challenge, Court observed the defendant had notice that his conduct was proscribed: "That [defendant's] photographs of adolescent boys in sexually explicit situations constitute child pornography hardly needs elaboration."); *United States v. Villard*, 885 F.2d 117, 124 (3d Cir.1989) ("[A] photograph of a naked girl might not be lascivious (depending on the balance of [other] factors), but a photograph of a girl in a highly sexual pose dressed in hose, garters and a bra could certainly be found to be lascivious."). Similarly, those persons responsible for enforcing the statute would find adequate guidance in the statutory language to easily conclude Hunter's conduct fell within the statute's prohibitions.

■ D. *Facial vagueness.* Having concluded the statute clearly applies to Hunter's conduct, we must now decide if Hunter has standing to make a facial vagueness challenge. He argues the statute unconstitutionally impacts First Amendment rights because it does not require anything more than nudity of a minor. The conclusion to be drawn from Hunter's characterization of the statute is that it reaches a substantial amount of protected expression. We disagree.

■ The prohibition at issue here was added in 1978 "to prohibit the production of sexually explicit material whose subject is, in whole or in part, a child or children." 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law & Procedure* § 641, at 160 (1979). States have a compelling interest in the regulation of pornographic depictions of children. *Ferber*, 458 U.S. at 758, 102 S.Ct. at 3355, 73 L.Ed.2d at 1122; *Bohannon*, 814 P.2d at 697. Moreover, the value of permitting photographs of children in sexually provocative poses is "exceedingly modest, if not de minimis." *Ferber*, 458 U.S. at 762–63, 102 S.Ct. at 3357, 73 L.Ed.2d at 1126. As the United States Supreme Court has observed, it is "unlikely that visual depictions of children performing sexual acts or lewdly exhibiting their genitals would often constitute an important and necessary part of a literary performance or scientific or educational work." *Id.* Thus, child pornography, as a category, is outside the class of material protected by the First Amendment. *Id.* at 763, 102 S.Ct. at 3358, 73 L.Ed.2d at 1126.

When considered in this context, we conclude section 728.1(6)(g) does not reach a substantial amount of protected expression. Contrary to Hunter's contention, the statute does not criminalize the mere nudity of a minor; section 728.1(6)(g) requires an element of scienter, "for the purpose of arousing or satisfying the sexual desires of a person who may view a depiction of the nude minor." *See* Iowa Code § 728.1(6)(g) (1993).

Hunter has not identified examples of legitimate expression that may be repressed by this statute, nor do we speculate on what form such expressive conduct might take. In the overwhelming majority of cases the distinction between child pornography and artistic expression will be clear. Therefore, we conclude any questionable cases falling on the borderline between child pornography and artistic expression would be few.

For these reasons, this case is inappropriate for the adjudication of the hypothetical claims of persons not before us. The potential infringement on protected expression is too insubstantial to give Hunter standing to claim the statute is unconstitutionally vague on its face. *See Young*, 427 U.S. at 60–61, 96 S.Ct. at 2447–48, 49 L.Ed.2d at 320–21 (refusing to consider facial attack where ordinance did not have a significant deterrent effect on protected communication); *ILQ Investments, Inc. v. City of Rochester*, 25 F.3d 1413, 1418–19 (8th Cir.) (reversing district court's preliminary injunction because defen-

dant was not likely to succeed in a "largely hypothetical enforcement" claim because the defendant had a "relatively weak" First Amendment interest on the borderline between pornography and artistic expression; plaintiff argued defendant lacked standing because ordinance at issue unquestionably applied to the defendant), *cert. denied*, —— U.S. ——, 115 S.Ct. 578, 130 L.Ed.2d 493 (1994); *see also South Florida Free Beaches v. City of Miami*, 734 F.2d 608, 611 (11th Cir.1984) (because nude sunbathing is not protected by the First Amendment, plaintiffs required to demonstrate the statute was vague as applied); *Top Shelf v. Mayor & Aldermen for Savannah*, 840 F.Supp. 903, 907 n. 3, 910 (S.D.Ga.1993) (challenger of nude dancing law had no standing; nude dancing "may invoke 'only the barest minimum of protected expression' "); *Movie & Video World v. Board of County Comm'rs*, 723 F.Supp. 695, 702 (S.D.Fla.1989) (First Amendment exception to standing requirement not applicable because challenged ordinance was not a real and substantial deterrent to legitimate expression).

IV. *Summary.*

Iowa Code section 728.1(6)(g) is not unconstitutionally vague as applied to Hunter. His conduct clearly fell within the statute's prohibition of photographing a nude minor for the purpose of arousing or satisfying the sexual desires of a person viewing the pictures. Because the statute does not encompass a substantial amount of protected expression, we do not consider Hunter's facial vagueness challenge. We affirm Hunter's conviction and sentence for sexual exploitation of a minor.

**AFFIRMED.**