**STATE of Iowa, Appellee,**

v.

**Tex ALLEN, Appellant.**

No. 96–104.

Supreme Court of Iowa.

June 18, 1997.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey K. Noble, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Defendant Tex Allen challenges his conviction for sexual exploitation by a counselor in violation of Iowa Code section 709.15(2) (1993), claiming both ineffective assistance of trial counsel and error by the trial court. Because we find no basis for defendant's claims, we affirm.

I. *Background facts and proceedings.* The charges in this case arose out of defendant Tex Allen's treatment of Sherry Frederick in his practice as a hypnotherapist. Frederick, who was thirty-eight years old at the time of the trial, had experienced mental problems stemming from sexual and mental abuse during her childhood. Shortly after she graduated from high school, Frederick married and had two children. She suffered emotional problems during the marriage, was hospitalized in connection with those problems, and attempted suicide several times. The marriage ended in a divorce, and Frederick later remarried and had three more children. Following surgery for a tubal pregnancy, Frederick began to experience physical symptoms which did not respond to medical or psychiatric treatment. She decided to seek help from defendant Allen, a hypnotherapist whose name Frederick picked out of a telephone directory advertisement. Allen was not licensed by any state agency.

Frederick alleged that during her hypnotherapy sessions with Allen, which sometimes lasted from 4:00 in the afternoon until midnight or later, Allen engaged in inappropriate physical contact with Frederick, including kissing her on the lips, touching her breasts and genitals, and attempting sexual intercourse. According to Frederick, defendant Allen told her that such physical contact would help her to recover from the effects of the sexual abuse she had endured as a child. Allen also provided alcoholic beverages to Frederick during the sessions and conducted readings of Tarot cards. Allen did not charge Frederick for her treatment, telling her that he had sufficient income from other clients. According to Frederick, she continued the hypnotherapy sessions, which took place from May through August 1994, because she hoped that her condition would improve.

On November 22, 1994, defendant Allen was charged by trial information with sexual exploitation by a counselor in violation of Iowa Code section 709.15(2), a class "D" felony. The case proceeded to a jury trial.

At the trial, the State presented evidence concerning defendant Allen's conduct. Frederick testified about Allen's physical contact with her during the hypnotherapy sessions. Frederick's second husband, from whom she was now divorced, testified that he had made a tape of a "relaxation" audiotape recorded by Allen and given to Frederick. The tape and a typed transcript of the tape were admitted into evidence. Allen's counsel objected to admission of the transcript but not the tape. Two psychologists, Dr. Phillip Ascheman and Dr. James Thompson, testified for the State about false memories and delusions in connection with Frederick's mental condition. Allen's counsel objected to the testimony of one of the psychologists but failed to obtain a ruling on the record by the court on the objection. Another of Allen's clients, Janice Westphal, testified that Allen had kissed her and fondled her breasts during a hypnotherapy session.

Defendant Allen denied the allegations against him. He testified that he had not engaged in any inappropriate physical contact with Frederick. Allen claimed that the

relaxation tape had been intended for another woman and was given to Frederick by mistake; he asserted that what sounded like "Sherry" (Frederick's first name) on the tape was actually the French term of endearment "cheri" but that he chose not to pronounce it in the French manner. Several of Allen's former clients testified that he conducted himself in a professional manner and did not make sexual advances toward them.

On rebuttal, a witness for the State, Deborah Simpson, testified that in 1985, while her divorce case was pending, defendant Allen had befriended her and had engaged in a sexual relationship with her. Although Simpson was not then aware of the fact, Allen had been hired by her husband's attorney as an investigator in the divorce case.

Both at the close of the State's evidence and at the close of all the evidence, defendant Allen moved for judgment of acquittal, *see* Iowa R.Crim. P. 18(8), contending that there was insufficient evidence for a conviction and that Iowa Code section 709.15 is unconstitutionally void for vagueness. The trial court overruled defendant's motions. After considering the evidence, the jury found defendant Allen guilty of the sexual exploitation by a counselor charge. The trial court entered judgment of conviction based on the verdict and sentenced Allen. *See* Iowa Code §§ 902.3, .9.

Defendant Allen appealed. On appeal, he contends: (1) his trial counsel rendered ineffective assistance by failing to appropriately challenge the constitutionality of Iowa Code section 709.15 and by failing to properly object to alleged commentary on Frederick's credibility by the two psychologists; (2) the trial court erred in admitting the testimony of Janice Westphal and Deborah Simpson; and (3) the trial court erred in admitting the transcript of the relaxation tape.

II. *Standards of review.* Evidentiary matters are generally within the trial court's discretion. *State v. Hubka,* 480 N.W.2d 867, 868 (Iowa 1992). Reversal is warranted only when there is a showing that the trial court abused its discretion. *Id.* To the extent that defendant raises a constitutional challenge, our review is de novo. Iowa R.App. P. 4; *State v. Carlson,* 548 N.W.2d 138, 140 (Iowa 1996). With regard to a vagueness challenge, "we presume the statute is constitutional and give it any reasonable construction necessary to uphold it." *State v. Hunter,* 550 N.W.2d 460, 462 (Iowa 1996).

III. *Ineffective assistance of counsel claims.* Although ineffective assistance of counsel claims generally should be reserved for postconviction proceedings, we may address them on defendant's direct appeal when, as here, the record is sufficient to present the claims. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987). In order to establish ineffective assistance of counsel, defendant must show by a preponderance of the evidence that: (1) counsel failed to perform an essential duty; and (2) prejudice resulted. *Meier v. State,* 337 N.W.2d 204, 206 (Iowa 1983). With regard to the first part of this test, defendant must "overcome the strong presumption counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency." *State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987). The second prong is satisfied when defendant proves there is a reasonable probability that the outcome of the proceeding would have been different if counsel had not erred. *Id.*

In the present case, defendant Allen contends his trial counsel's failure to timely challenge the constitutionality of Iowa Code section 709.15 and the admissibility of expert testimony concerning false memories and Frederick's mental condition constituted a failure to perform an essential duty, the first part of the test. We do not agree.

A. *Constitutionality of Iowa Code section 709.15.* In Allen's motions for judgment of acquittal, his trial counsel contended Iowa Code section 709.15 was void for vagueness. However, he failed to raise this issue in a pretrial motion as required under Iowa Rule of Criminal Procedure 10(2). *See State v. Anderson,* 308 N.W.2d 42, 46 (Iowa 1981). That omission constitutes a failure to perform an essential duty only if the underlying constitutional challenge has merit.

1. Iowa Code section 709.15 prohibits sexual exploitation by a counselor or therapist.

The statute defines "counselor or therapist" as:

> a physician, psychologist, nurse, professional counselor, social worker, marriage or family therapist, alcohol or drug counselor, member of the clergy, or any other person, whether or not licensed or registered by the state, who provides or purports to provide mental health services.

Iowa Code § 709.15(1)(a). "Mental health service" is defined as

> the treatment, assessment, or counseling of another person for a cognitive, behavioral, emotional, mental, or social dysfunction, including an intrapersonal or interpersonal dysfunction.

*Id.* § 709.15(1)(d). Section 709.15(1)(f) provides in relevant part:

> "*Sexual exploitation by a counselor or therapist*" occurs when any of the following are found:
>
> (1) A pattern or practice or scheme of conduct to engage in any of the conduct described in subparagraph (2)....
>
> (2) Any sexual conduct, with an emotionally dependent patient or client or emotionally dependent former patient or client for the purpose of arousing or satisfying the sexual desires of the counselor or therapist or the emotionally dependent patient or client or emotionally dependent former patient or client, which includes but is not limited to the following: kissing; touching of the clothed or unclothed inner thigh, breast, groin, buttock, anus, pubes, or genitals....

■ Defendant Allen does not deny he was a counselor or therapist. In fact, he advertised that he was a therapist. Although he does not identify the specific subsection or subsections he claims to be unconstitutionally vague, Allen contends the statute is void for vagueness because it could prohibit "everyday conversation" and kissing carried out with sexual intent. Further, he argues that because it could apply to married persons, the statute encroaches upon the constitutional right to privacy.[1] *See Griswold v. Connecticut,* 381 U.S. 479, 485–86, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510, 515–16 (1965).

■ 2. In order to avoid a vagueness problem, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Hunter,* 550 N.W.2d at 463 (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983)). There is no doubt that the language of Iowa Code section 709.15(1)(f) clearly applies to the conduct ascribed to defendant Allen.[2] However, a defendant may challenge the constitutionality of the statute as applied to others only under certain circumstances, such as when First Amendment rights are implicated. *Hunter,* 550 N.W.2d at 463. In this case, Allen points to First Amendment rights of free speech and association. *See* U.S. Const. amend. I.

We will not entertain such a challenge unless the statute reaches "a substantial amount of protected conduct." *Hunter,* 550 N.W.2d at 464–65; *cf. State v. Brecunier,* 564 N.W.2d 365, 369 (Iowa 1997) (asserting that a statute is overbroad if it encompasses conduct generally recognized as being constitutionally protected). We do not believe that is the case here. A person of ordinary intelligence could understand that the term "mental health services," which includes "treatment" and "counseling," does not encompass strictly personal relationships involving the informal exchange of advice. Thus, Iowa Code section 709.15 does not chill ordinary conversations between friends or acquaintances. Allen's assertion that kissing is improperly included in the statute's definition

---

1. Defendant also seems to argue that the statute is overbroad. We note that the void-for-vagueness and overbreadth doctrines are closely related, so that a similar analysis may be employed with both. *Hunter,* 550 N.W.2d at 464.

2. As a therapist, Allen should have known that such conduct was impermissible. Our cases have emphasized that persons acting in professional roles "have a disproportionate influence on those they serve" and thus have a responsibility to scrupulously observe the bounds of propriety. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hill,* 540 N.W.2d 43, 44 (Iowa 1995) (quoting *Fisher v. Iowa Bd. of Optometry Exam'rs,* 510 N.W.2d 873, 878 (Iowa 1994)).

of sexual conduct rests upon the assumption that a kiss delivered with sexual intent is an innocuous event. While that may be the case in a romantic relationship, the assumption certainly does not apply in the context of mental health services; the statute's prohibition of kissing does not reach protected conduct.[3] Finally, we do not believe Iowa Code section 709.15(1)(f) would frequently, if ever, apply to a marriage relationship.

Because we conclude that Iowa Code section 709.15(1)(f) does not reach a substantial amount of conduct protected under the First Amendment, we need not decide whether the statute is void for vagueness on its face. Having thus rejected defendant Allen's constitutional claim, we find that his ineffective assistance of counsel claim has no merit as to this assignment.

B. *Expert testimony.* At trial, two psychologists who had treated Frederick, Dr. Phillip Ascheman and Dr. James Thompson, testified about Frederick's mental condition. Dr. Ascheman testified about the potential for false memories during hypnotherapy. He stated that persons under hypnosis "would not actually manufacture [false memories] themselves. The concern is that someone may place a false memory there. But they would not generate a memory of their own." Dr. Ascheman further stated that Frederick's mental illness had no bearing on her credibility. Dr. Thompson testified that Frederick did not tell him contradictory stories or suffer from delusions or hallucinations. Defendant Allen argues that the testimony of the psychologists amounted to impermissible commentary on Frederick's credibility. He further claims that his trial counsel was ineffective for failing to timely challenge the testimony and obtain a ruling on the record.

■ Iowa Rule of Evidence 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a

fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

We take a liberal approach to the admissibility of expert testimony, giving considerable deference to the trial court's exercise of its discretion. *Mensink v. American Grain,* 564 N.W.2d 376, 380 (Iowa 1997). Expert testimony directly expressing an opinion on the credibility of a witness is not admissible. *State v. Pansegrau,* 524 N.W.2d 207, 210 (Iowa App.1994). However, expert witnesses may express opinions on matters explaining the pertinent mental and physical symptoms of the victims of abuse. *Id.* "There is a fine but essential line between testimony that is helpful to the jury and an opinion that merely conveys a conclusion concerning the defendant's guilt." *Id.* at 210–11.

■ In the present case, the expert testimony did not cross that line. Drs. Ascheman and Thompson did not directly evaluate Frederick's credibility. Rather, they gave their opinions concerning the effects of her mental condition on her ability to tell the truth. Such testimony was permissible to help the jury understand the evidence it heard about Frederick's mental illnesses. *See State v. Griffin,* 564 N.W.2d 370, 375 (Iowa 1997) (determining that witness testifying about battered woman syndrome did not offer opinion on victim's credibility). Thus, Allen's trial counsel did not fail to perform an essential duty with regard to the expert testimony.

We reject defendant Allen's claim of ineffective assistance of counsel as to all grounds urged.

IV. *Testimony of Westphal and Simpson.* Iowa Rule of Evidence 404(b) states:

*Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *It may, however, be*

---

**3.** Defendant Allen cites *State v. Ohrtman,* 466 N.W.2d 1, 5 (Minn.App.1991), in which the court held that a minister's hug of a parishioner did not constitute sexual contact within the meaning of a Minnesota criminal statute. However, because *that statute did not explicitly include "hug-* ging" as prohibited contact, the court had to decide whether the legislature intended to reach such conduct. *Ohrtman,* 466 N.W.2d at 2–3. In the present case, "kissing" is expressly prohibited by the statute.

admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Second emphasis added.) Defendant Allen contends the testimony of Janice Westphal and Deborah Simpson concerning Allen's sexual conduct toward them should have been excluded by the trial court under that rule. He argues that the testimony was prejudicial, so that admission by the trial court was an abuse of discretion.

■ 1. We believe the testimony of Westphal tended to show a pattern or scheme of conduct in connection with Allen's behavior. Both Westphal and Frederick found Allen's listing in the yellow pages of the telephone directory and sought help from him for their problems—Westphal for weight loss and Frederick for unexplained physical symptoms. Allen initiated sexual contact with both women while they were in his office for treatment. The similarities between the two situations were relevant to establishing such factors as motive, intent, opportunity, and plan. *See* Iowa R. Evid. 404(b).

In a case involving the sexual abuse of a young boy, we held that testimony regarding a defendant's prior sexual conduct toward young boys was admissible. *State v. Spargo*, 364 N.W.2d 203, 209 (Iowa 1985). We noted:

> By pointing out the similarity between defendant's pattern of conduct toward other boys, with whom he allegedly later engaged in sex acts, and his pattern of conduct toward [the victim], the State hoped to show that his intent with respect to [the victim] was the same as it had been with the other boys. We believe the similarity between defendant's prior pattern of conduct and the facts of this case is strong enough to justify the conclusion that the trial court did not abuse its discretion in ruling that [the witness'] testimony was relevant to the issue of defendant's intent to commit sexual abuse of [the victim].

*Id.* We believe that Westphal's testimony is equally relevant in the present case. Moreover, we do not find the testimony so prejudicial as to warrant its exclusion.

■ 2. The testimony of Deborah Simpson was offered to rebut evidence presented by the defense. Several of Allen's former clients testified on his behalf about his good character and professionalism in his dealings with them. Defendant Allen had testified that he held himself to a high professional standard. On cross-examination, he further testified that in his former occupation as an investigator, he would have considered it improper to have sexual relations with the wife of a client and that he never engaged in sexual intercourse with Deborah Simpson. In light of Allen's evidence, it was proper for the trial court to admit Simpson's rebuttal testimony concerning Allen's actions with her while he was employed as an investigator for her husband. This was not a rule 404(b) evidentiary problem; rather, this was a "proper rebuttal" testimony issue.

We conclude that the trial court did not abuse its discretion in admitting the testimony of Westphal and Simpson.

■ V. *Transcript of audiotape.* Defendant Allen claims the trial court abused its discretion in admitting a transcript of the relaxation tape given by Allen to Frederick. He argues that the transcript did not qualify as the best evidence, *see* Iowa R. Evid. 1003, and that the transcript was unfairly prejudicial because of transcription decisions regarding the spelling of homonyms (for example, "Sherry" instead of "cheri"), an emphasis on certain portions of the tape because other parts were inaudible, and the inability to duplicate on paper the tone of the tape, which had a musical background.

We find no merit to this claim. There was no objection to the admission of the audiotape itself; the jury had both the tape and the transcript to review, minimizing any possibility of unfairness. Frederick's husband, who had made the copy of the tape, testified that he had compared the transcript with the tape and found the transcript to be accurate. Allen did not object at trial to the manner in which the transcript was made. In addition, he had ample opportunity at trial to offer his explanation as to the words "Sherry" and "cheri," and the jury had the opportunity to assess the significance of the tone and inaudible portions of the tape.

We conclude the trial court did not abuse its discretion in admitting the transcript of the tape.

VI. *Disposition.* We have considered other arguments raised by the parties and find them to be without merit or unnecessary to address. We affirm the judgment of the district court finding defendant Allen guilty of sexual exploitation by a counselor in violation of Iowa Code section 709.15.

**AFFIRMED.**