FAGG, Circuit Judge,
dissenting.
Because my colleagues use the lack of details inherent in notice pleading prematurely to dismiss Doe’s complaint, I dissent. Under the liberal standards of notice pleading, Doe need not plead particular supporting facts as the majority demands, but need only give “a short and plain statement of the claim showing [she] is entitled to relief,” Fed.R.Civ.P. 8(a)(2). See Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957); In re NationsMart Corp. Sec. Litig., 130 F.3d 309, 315 (8th Cir.1997).
To show she is entitled to relief on her VAWA claim, Doe must allege Father Hartz committed a gender-motivated felony that involved an element of physical force or substantial risk of physical force being used against her. See 42 U.S.C. § 13981(c), (d)(2)(A); 18 U.S.C. § 16; Brzonkala v. Virginia Polytechnic Inst. & State Univ., 132 F.3d 949, 963 (4th Cir.1997). I believe Doe has alleged enough to support a finding that Father Hartz’s conduct constituted this type of felony under Iowa law. See Crisonino v. New York City Housing Auth., 985 F.Supp. 385, 393-94 (S.D.N.Y.1997) (state felony may serve as basis for § 13981(c) VAWA claim). The Iowa Code prohibits a counselor or therapist from engaging in “[a]ny sexual conduct, with an emotionally dependent patient or client ... for the purpose of arousing or satisfying the sexual desires of the counselor or therapist ... includ[ing] ... kissing” or touching certain clothed or unclothed areas of the body. Iowa Code § 709.15.1(f)(2) (1997). A person who engages in a “pattern or practice or scheme of conduct to engage in [the prohibited] conduct” is guilty of a felony. Id. § 709.15.1(f)(1).
Contrary to the majority’s view, Doe alleges the necessary counseling relationship, use or threatened use of physical force, and scheme of sexually abusive conduct. In her complaint, Doe alleges Father Hartz is a member of the clergy, she “was emotionally dependent upon [him] as her counselor and priest,” and he was “a ‘counselor or therapist’ within the meaning of Iowa Code § 709.15.1(a).” Doe asserts Father Hartz twice “fondled and [once] kissed [her] for the purpose of arousing and/or satisfying his sexual desires,” and Father Hartz’s acts “constitute a pattern, practice, or scheme of conduct ... to engage in sexual conduct with an emotionally dependent patient or client within the meaning of Iowa Code § 709.15.1(f)(1).” In addition to Father Hartz’s assaults on Doe, Doe asserts church officials told her Father Hartz had made sexual advances on another woman, had been professionally evaluated before because of sexual advances on other people in other communities, and had been accused of fondling a young girl in the church’s school.
Viewing Doe’s allegations in her favor, and giving her the benefit of simplified notice pleading standards, I conclude Doe has sufficiently stated a VAWA claim. Unlike the majority, I do not doubt the Iowa Supreme Court would view the allegations as stating a violation of Iowa Code §§ 709.15.1(f)(1) — (2). Indeed, in examining the statute, the Iowa Supreme Court has “emphasized that person's acting in professional roles ‘have a disproportionate influence on those they serve’ and thus have a responsibility to scrupulously observe the bounds of propriety.” State v. Allen, 565 N.W.2d 333, 337 n. 2 (Iowa 1997) (quoted case omitted). Although Doe’s case may falter after discovery or other pretrial procedures, the allegations in her complaint *1345 are sufficient to withstand dismissal now. The allegations do not show some insurmountable bar to relief on the complaint’s face, as required for dismissal at this stage, and surely give the defendants fair notice of the claim’s basis, see Conley, 355 U.S. at 48, 78 S.Ct. at 103. Thus, I would affirm the district court’s denial of the motion to dismiss and consider the constitutional questions presented. See Brzonkala, 132 F.3d 949, 964-73 (holding Congress acted within its Commerce Clause authority in enacting VAWA).