# IN THE COURT OF APPEALS OF IOWA

No. 17-0934
Filed July 5, 2018

**TROY GRAM,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.

The applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Troy Gram appeals the denial of his application for postconviction relief (PCR). As he did in his application to the PCR court, Gram maintains he received ineffective assistance from trial counsel because trial counsel (1) allowed him to plead guilty to failure to comply with sex-offender registry requirements, second offense, without a factual basis to support the plea[1] and (2) failed to challenge the statute as unconstitutionally vague.

**I. Background Facts and Proceedings.**

In August 2013, a complaint was filed alleging Gram had failed to comply with the sex offender registry requirements—his second such offense. It stated he had moved from his registered address on July 24 and had yet to update his address with the registry. Based on this complaint, an arrest warrant was issued, and Gram was taken into custody.

The trial information, which was filed in October, stated Gram had failed to comply with the sex offender registry, "in violation of Iowa Code Section 691A.104(6)." The actual code section at issue is 692A.104.

Gram entered into an agreement with the State whereby he would plead guilty to the charge and the State would recommend he receive a suspended sentence with a term of probation.

---

[1] In his appellate brief, within the subsection addressing his factual-basis claim, Gram makes a passing argument that he was deficiently charged because the trial information cited Iowa Code section 691A.104(6) (2013) as opposed to section 692A.104. However, this claim was not decided by the PCR court, and Gram has failed to claim that PCR counsel was ineffective for not raising the claim sooner. Because this claim was neither preserved for our review (by being both raised and decided by the PCR court) nor raised under the ineffective-assistance-of-counsel framework that allows a party to bypass our error-preservation rules, we do not consider this claim further.

In December, Gram entered a guilty plea in open court. During a colloquy with the court, the following exchange took place:

> THE COURT: Understanding everything I've explained so far, how do you plead as to the charge of failure to comply with the sex offender registry, second offense, guilty or not guilty?
> GRAM: Guilty, Your Honor.
> THE COURT: Tell me what you did that makes you guilty of this.
> GRAM: I failed to register in a timely manner due to the fact that I was waiting on a job that I thought was going to pan out that didn't pan out, and so the—so my landlord in question failed to rent me that apartment. I didn't have a job and—
> THE COURT: So you moved—you lived at a certain address; is that true?
> GRAM: Yes.
> THE COURT: And then you moved from that address; true?
> GRAM: Yes. They asked me to leave.
> THE COURT: You were asked to leave?
> GRAM: From the Bethel Mission and I was being in the process of getting an apartment.
> THE COURT: I got you. So you were living at the Bethel Mission, and you were kicked out of the Bethel Mission; is that true?
> GRAM: Yes.
> THE COURT And was this between July 29 and September 4, 2013?
> GRAM: I believe so, yes.
> THE COURT: And within five days after you were kicked out of the Bethel Mission you did not notify the sheriff that your address had changed; is that true?
> GRAM: That's true—well—
> THE COURT: I'm sorry?
> GRAM: In light of everything, they kept me out for five days. I was planning on coming back. And after the five days they told me that I couldn't come back, so I was already in trouble at that point there so—
> THE COURT: All right. So you knew that and then you didn't go ahead and—
> GRAM: Right.
> THE COURT: —tell them where you were?
> . . . .
> GRAM: True.

The court accepted Gram's guilty plea, and he was later sentenced to a suspended term and a two-year period of probation.

In March 2015, the department of corrections filed a report of probation violations. Following a hearing, in May, the court revoked Gram's probation and imposed a five-year term of incarceration.

Gram filed his application for PCR in September. With the assistance of counsel, he filed an amended petition in July 2016, in which he claimed he had received ineffective assistance from trial counsel who allowed him to enter a guilty plea to the offense without a factual basis. In another amended application, Gram added the claim that trial counsel had been ineffective for failing to challenge the statute as unconstitutionally vague.[2]

A hearing on the amended application took place in December 2016. Gram was the only witness at the hearing; his trial counsel's previously-taken deposition was admitted into evidence. He testified he continued to sleep on the property behind a shed after he was kicked out of the shelter. He estimated that he slept there all but three or four nights between July 24 and September 4. He claimed to have told his attorney he had been sleeping on the property but that she immediately informed him of the offered plea agreement and he decided to take it because his mother had just recently passed away while he was being held in jail and he wanted to be released immediately. Trial counsel testified in deposition that she did not know that Gram claimed to have slept on the grounds of the shelter.

In a written ruling, the PCR court denied Gram's application. The court found that a factual basis to support the guilty plea could be found in the minutes

---

[2] Gram raised other issues in his applications for PCR, but as those have not been raised on appeal, we do not include them in the procedural history.

of evidence. Additionally, the court did not find credible Gram's assertion that "he was secretly trespassing on to Bethel Mission property and sleeping there." In reaching this conclusion, the court stated, "Gram never mentioned this story at his plea hearing [in 2013] or his sentencing [in 2014]. Ultimately, Gram's story is supported only by Gram's own self-serving statements in 2015 and 2016. Having listened to Gram testify, the Court finds his testimony lacks credibility and is not entitled to weight." The court also found that Gram's void-for-vagueness theory failed.

Gram appeals.

**II. Discussion.**

Gram raises his claims under the ineffective-assistance-of-counsel framework. In order to succeed, Gram "must demonstrate by a preponderance of evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (citation omitted).

**A. Factual Basis.**

We understand Gram's factual-basis argument to be two-fold. He maintains both that the record made during his plea colloquy is inadequate to find a factual basis supports the plea and that his action of sleeping on the grounds at the same address after he had been asked to leave the shelter means he was not, in fact, in violation of the statute and should not have entered a guilty plea. He raises both claims under the ineffective-assistance framework.

"Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment

when there is no factual basis to support the defendant's guilty plea." *Id.* "Prejudice is presumed under these circumstances." *Id.* at 764–65. To succeed, Gram must establish that the record lacks a factual basis to support his guilty plea to failure to comply with sex offender registry, second offense. *See id.* at 765.

We consider Gram's second claim first. He insists counsel was aware that he was sleeping on the grounds after he was forced to leave the shelter and that she should not have then allowed him to plead guilty to the crime, as his residence had not changed. *See* Iowa Code §§ 692A.104(2) (requiring a sex offender, "within five business days of changing a residence" "to notify the sheriff of each county where a change has occurred"); 692A.101(24) (defining "residence" as a "dwelling or other place where a sex offender resides, sleeps, or habitually lives" including that "[i]f a sex offender does not reside, sleep, or habitually live in a fixed place, 'residence' means a description of the locations where the offender is stationed regularly, including any mobile or transitory living quarters"). The only evidence to support Gram's claim that he continued to reside at the same address was his own statement—made for the first time a number of years after he was initially charged, pled guilty, and was sentenced. The district court found Gram's statement to lack credibility and further found that counsel had no reason to know of the claim at the time of the proceedings. While we are not bound by the district court's findings, we usually defer to fact findings that rely on credibility determinations. *See, e.g.*, *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). And here, nothing in the record suggests we should do otherwise than defer to the PCR court's credibility assessment and finding. Thus, because Gram failed to prove his claim he slept outside the residence he had registered after he left the shelter, and because his

counsel was not informed of the claim, Gram's claim of ineffective plea counsel fails.

Next, we consider whether the record discloses a factual basis for failure to comply with sex offender registry, second offense. *See* Iowa R. Crim. P. 2.8(2)(b) (requiring a court to determine the plea is voluntarily and intelligently made and has a factual basis before accepting a guilty plea). Gram only disputes whether the record, as a whole, discloses facts to satisfy the element that he changed residences. He maintains that while the plea colloquy established that he left the Bethel Mission shelter, it did not affirmatively establish that he went to a new address afterward.

In considering whether a factual basis supports his plea, we consider "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Ortiz*, 789 N.W.2d at 768. The record need not contain "evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

Here, a factual basis exists to support the conclusion that Gram changed residences when he was asked to leave the shelter in July 2013. The minutes of evidence list two witnesses who were prepared to testify that Gram "does not sleep at the registered address" as of July 24. Notably, neither witness limited their statement to whether Gram resided in the shelter. While the record does not affirmatively establish what new address Gram resided at, it does establish that Gram did not remain at the registered address. Thus, because the record

establishes a factual basis to support Gram's guilty plea, counsel was not ineffective for allowing him to plead guilty.

**B. Vagueness.**

Gram maintains counsel was ineffective for failing to challenge the statute as unconstitutionally vague as applied to him.

In assessing the merits of Gram's claim, Gram "has 'the burden to negate every reasonable basis to sustain' the statute." *State v. Dalton*, 674 N.W.2d 111, 121 (Iowa 2004) (citation omitted). Additionally, in examining the statutes, "we consider whether [the defendant's] conduct clearly falls within the proscription of the statute under any construction. The fact the statute may be vague as applied to other factual scenarios is irrelevant to this analysis." *Id.* (alteration in original) (quoting *State v. Hunter*, 550 N.W.2d 460, 462 (Iowa 1996) *overruled on other grounds by State v. Robinson*, 618 N.W.2d 306, 312 (Iowa 2000)).

Here, Gram's argument revolves around the idea that the statute is unclear whether his claimed action of trespassing onto the grounds of the shelter to sleep was enough to maintain his residence at the same address, which was properly registered. But the PCR court already determined that Gram did not continue to sleep on the grounds of the shelter, and we refuse to upset the court's finding. Thus, the statute is not vague as applied to Gram's actual factual scenario, and trial counsel cannot be found ineffective for her lack of pursuit of a meritless issue.[3]

---

[3] In his appellate brief, Gram states that sections 692A.104(2) and 692A.101(24) are unconstitutionally vague on their face. However, he does not develop his argument any further, so we do not consider this claim. *See State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (declining to consider arguments that were not raised by a party, stating, "We need not consider the extent to which these arguments may have had merit, as under our rules and precedents they have been waived in this appeal" (citing Iowa R. App. P.

*See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

## III. Conclusion.

Because Gram has not established that the record lacked a factual basis to support his guilty plea or that the statutes are unconstitutionally vague as applied to him, we cannot find his trial counsel provided ineffective assistance. We affirm the PCR court's denial of his application for PCR.

   **AFFIRMED.**

---

6.903(2)(g)(3))). Moreover, since we have found that the statutes are not unconstitutionally vague as applied to him, it is "highly questionable" whether Gram has standing to raise a facial vagueness claim. *See Robinson*, 618 N.W.2d at 311 n.1 ("Even if error had been preserved on a facial vagueness claim, the defendant's standing to assert such a claim is highly questionable. If a statute is constitutional as applied to a defendant, the defendant cannot make a facial challenge unless a recognized exception to the standing requirement applies."). And Gram does not claim that an exception applies.