# IN THE SUPREME COURT OF IOWA

No. 75 / 05-1197

Filed July 21, 2006

**STATE OF IOWA,**

Appellant,

vs.

**GASPAR FIDEL GONZALEZ, JR.,**

Appellee.

___

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, Judge.

The State appeals from the district court's granting of the defendant's motion to dismiss the trial information. **REVERSED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, J. Patrick White, County Attorney, and Anne M. Lahey, Assistant County Attorney, for appellant.

David E. Brown of Hayek, Hayek, Brown, Moreland & Hayek, L.L.P., Iowa City, for appellee.

**WIGGINS, Justice.**

In this appeal, we must determine whether the district court correctly granted the defendant's motion to dismiss the trial information charging the defendant with sexual exploitation by a counselor or therapist. In its ruling, the district court found the defendant's conduct while working as a psychiatric nursing assistant did not fall within the scope of Iowa Code section 709.15 (Supp. 2003). Because we find the facts alleged by the State in the trial information and attached minutes charge that the defendant was a counselor or therapist for purposes of section 709.15 and the defendant's constitutional claims fail, we reverse the district court's granting of the motion to dismiss and remand the case for further proceedings.

## I. Background Facts and Proceedings.

The State charged Gaspar Fidel Gonzalez, Jr. with sexual exploitation by a counselor or therapist in violation of Iowa Code sections 709.15(1)(*a*), (*b*), (*f*)(3) and 709.15(4).[1] The charge was filed in connection with Gonzalez's alleged touching of a female patient's genital area in his role as a nursing assistant in the psychiatric unit of the University of Iowa Hospitals and Clinics. Gonzalez entered a plea of not guilty.

According to the minutes of testimony, a psychiatric nursing assistant, "[w]ith supervision from a Registered Nurse, performs specific nursing tasks to assist members of the nursing team in providing care and monitoring of psychiatric patients." The characteristic duties and responsibilities of a psychiatric nursing assistant include establishing therapeutic relationships, participating in planning patient care appropriate

---

[1] These citations are set forth in the trial information and appear to refer to the 2003 Code of Iowa. However, Iowa Code section 709.15 was amended in 2003. *See* 2003 Iowa Acts ch. 180, § 65. The corresponding section is found in the Code supplement as section 709.15(1)(*a*), (*b*), (2)(*c*), (4)(*c*).

for the patient's condition and age, documenting patient behavior and identifying material to report to the registered nurse, providing supervision of patients during activities, providing for a therapeutic environment, and participating in educational offerings. The minutes further state Gonzalez had regular contact with the female patient while she was in the unit. Gonzalez characterized their relationship as "a working relationship."

Gonzalez filed a motion to dismiss the trial information asserting his conduct did not fall within the intended scope of Iowa Code section 709.15 and the statute is unconstitutionally vague and overbroad as applied to him. The district court held an evidentiary hearing on the motion. The court sustained the motion and dismissed the trial information, finding Gonzalez was not within the purview of the statute because he did not directly provide treatment, assessment, or counseling to patients.

The State appeals.

## II. Issues.

The issues presented in this case are: (1) whether the district court erred in finding Gonzalez's conduct while working as a psychiatric nursing assistant did not fall within the scope of Iowa Code section 709.15; and (2) whether Iowa Code section 709.15 is unconstitutionally vague and overbroad as applied to Gonzalez.

## III. Scope of Review.

Our review of a district court's granting of a motion to dismiss a charge in a trial information is for the correction of errors at law. *State v. Johnson,* 528 N.W.2d 638, 640 (Iowa 1995). In addition, we review questions of statutory interpretation for the correction of errors at law. *Id.* We accept the facts alleged by the State in the trial information and attached minutes as true. *Id.* "We will reverse the trial court's dismissal of

the charge at issue if the facts the State has alleged charge a crime as a matter of law." *Id.*

Our review of a constitutional challenge to Iowa Code section 709.15 is de novo. *State v. Seering*, 701 N.W.2d 655, 660-61 (Iowa 2005). In conducting our review, " 'we must remember that statutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt.' " *Id.* at 661 (citations omitted). The challenger is required to refute all reasonable bases upon which the statute could be declared constitutional. *Id.* If the statute may be construed in more than one way, one of which is constitutional, we will adopt such a construction. *Id.*

## IV. Analysis.

*A. Did the district court err in finding Gonzalez's conduct while working as a psychiatric nursing assistant did not fall within the scope of Iowa Code section 709.15?*

The State claims the district court erred in finding Gonzalez's duties as a psychiatric nursing assistant did not bring him within the scope of Iowa Code section 709.15. A counselor or therapist who commits sexual exploitation in violation of Iowa Code section 709.15(2)(*c*) commits a serious misdemeanor. Iowa Code § 709.15(4)(*c*). Section 709.15(2)(*c*) provides such a violation occurs when there is "[a]ny sexual conduct with a patient or client . . . for the purpose of arousing or satisfying the sexual desires of the counselor or therapist or the patient or client." The Code defines "patient or client" as "a person who receives mental health services from the counselor or therapist." *Id.* § 709.15(1)(*e*). A "counselor or therapist" is defined by the Code as

> a physician, psychologist, nurse, professional counselor, social worker, marriage or family therapist, alcohol or drug counselor, member of the clergy, *or any other person, whether or not*

*licensed or registered by the state, who provides or purports to provide mental health services.*

*Id.* § 709.15(1)(*a*) (emphasis added). " 'Mental health service' means the treatment, assessment, or counseling of another person for a cognitive, behavioral, emotional, mental, or social dysfunction, including an intrapersonal or interpersonal dysfunction." *Id.* § 709.15(1)(*d*). The crime does not include touching as part of a necessary examination or treatment provided in the scope of the counselor's or therapist's practice or employment. *Id.* § 709.15(2).

Gonzalez claims "the duties of a psychiatric nursing assistant do not fall within the meaning of 'mental health service' provided by a 'counselor or therapist' " as those terms are defined under Iowa Code section 709.15(1). To resolve Gonzalez's claim, we must interpret this section. When confronted with the task of statutory interpretation, this court has stated:

> The goal of statutory construction is to determine legislative intent. We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge or otherwise change the meaning of a statute.

*Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004) (citations omitted).

The interpretation of a statute requires an assessment of the statute in its entirety, not just isolated words or phrases. *State v. Young*, 686 N.W.2d 182, 184-85 (Iowa 2004). Indeed, "we avoid interpreting a statute in such a way that portions of it become redundant or irrelevant." *T & K Roofing Co. v. Iowa Dep't of Educ.*, 593 N.W.2d 159, 162 (Iowa 1999). We look for a reasonable interpretation that best achieves the statute's purpose

and avoids absurd results. *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989). We strictly construe criminal statutes with doubts resolved in the accused's favor. *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999).

Iowa Code section 709.15 clearly states any person providing or purporting to provide mental health services is considered a "counselor or therapist." Iowa Code § 709.15(1)(*a*). It is thus necessary to determine if the trial information and attached minutes allege facts demonstrating Gonzalez was providing mental health services as a psychiatric nursing assistant. " 'Mental health service' " consists of treatment, assessment, or counseling for certain dysfunctions. *Id.* § 709.15(1)(*d*). We have already determined the term "does not encompass strictly personal relationships involving the informal exchange of advice." *State v. Allen*, 565 N.W.2d 333, 337 (Iowa 1997).

We may consult a dictionary in order to determine the ordinary meanings of words used by the legislature. *State v. Evans*, 671 N.W.2d 720, 724 (Iowa 2003). The dictionary defines "treatment" as "the action or manner of treating a patient medically or surgically"; "treat" means "to care for (as a patient or part of the body) medically or surgically," "deal with by medical or surgical means," and "give a medical treatment to." *Webster's Third New Int'l Dictionary* 2434-35 (unabr. ed. 2002). The term "assessment" means "an appraisal or evaluation (as of merit)." *Id.* at 131. The term "counseling" means

> a practice or professional service designed to guide an individual to a better understanding of his problems and potentialities by utilizing modern psychological principles and methods esp. in collecting case history data, using various techniques of the personal interview, and testing interests and aptitudes.

*Id.* at 518.

Accepting the facts alleged by the State in the trial information and attached minutes as true, Gonzalez's role as a psychiatric nursing assistant is embraced by the legislature's use of these terms. Gonzalez provided "treatment" to the patients because he performed nursing tasks to assist in providing care of psychiatric patients, such as establishing therapeutic relationships, providing for a therapeutic environment, and participating in planning patient care. He provided "assessment" of the patients because he performed nursing tasks to assist in monitoring psychiatric patients, such as documenting patient behavior and identifying material to report to the registered nurse. The treatment and assessment took place in the course of Gonzalez's working relationship with the female patient while she was in the psychiatric unit. Gonzalez's provision of such mental health services qualifies him as a "counselor or therapist" for purposes of Iowa Code section 709.15. Thus, the facts the State has alleged in the trial information and attached minutes charge Gonzalez with the crime of sexual exploitation by a counselor or therapist as a matter of law. Accordingly, the State is entitled to proceed with its case to prove these allegations beyond a reasonable doubt. A failure of such proof will require the finder of fact to acquit Gonzalez.

We have previously acknowledged the problems that arise in filing a motion to dismiss in a civil case:

> "We recognize the temptation is strong for a defendant to strike a vulnerable petition at the earliest opportunity. Experience has however taught us that vast judicial resources could be saved with the exercise of more professional patience. Under the foregoing rules dismissals of many of the weakest cases must be reversed on appeal. Two appeals often result where one would have sufficed had the defense moved by way of summary judgment, or even by way of defense at trial. From a defendant's standpoint, moreover, it is far from unknown for the flimsiest of cases to gain strength when its dismissal is reversed on appeal."

*Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) (citation omitted). Although there are no summary judgment proceedings in criminal cases, we find these principles to be equally persuasive in such cases.

Additionally, we note it is improper for the district court to hold an evidentiary hearing on a motion to dismiss based on a claim that the facts alleged in the trial information and attached minutes do not constitute the offense charged in the trial information. In this circumstance, the only relevant inquiry by the court is whether the facts the State has alleged in the trial information and attached minutes charge a crime as a matter of law. To conduct an evidentiary hearing only wastes valuable judicial resources that the court can use for other matters requiring such a hearing.

Consequently, the district court erred in granting Gonzalez's motion to dismiss the trial information by finding his alleged conduct while working as a psychiatric nursing assistant was outside the scope of Iowa Code section 709.15.

### B. Is Iowa Code section 709.15 unconstitutionally vague and overbroad as applied to Gonzalez?

Gonzalez argues Iowa Code section 709.15 is constitutionally infirm because it is void for vagueness. Vague statutes are proscribed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Wiederien*, 709 N.W.2d 538, 542 (Iowa 2006). "In order to avoid a vagueness problem, a penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *Allen*, 565 N.W.2d at 337 (citations omitted). If a statute lacks clearly defined prohibitions,

then it is void for vagueness.  *Wiederien*, 709 N.W.2d at 542.  The void-for-vagueness doctrine protects the following values:

> "First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. . . . Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. . . . Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' "

*Id.* (alterations in original) (citation omitted).  Due process requires "a standard of conduct be reasonably ascertainable 'by reference to prior judicial decisions, similar statutes, the dictionary, or common generally accepted usage.' " *State v. Baker*, 688 N.W.2d 250, 255 (Iowa 2004) (citation omitted).

In *Allen*, we rejected a constitutional challenge to Iowa Code section 709.15 on vagueness and overbreadth grounds because we concluded the language of section 709.15(1)(*f*) (now section 709.15(2)) clearly applied to the conduct ascribed to the defendant and that section did not reach a substantial amount of First Amendment conduct.  565 N.W.2d at 336-38 & n.1.  Although the section at issue dealt with what conduct constitutes sexual exploitation by a counselor or therapist, we relied on the definitions of "counselor or therapist" as well as " '[m]ental health service' " in arriving at our rejection of the constitutional claim.  *Id.* at 337-38.

Here, we must determine what people the statute prohibits from engaging in such conduct.  The "any other person, whether or not licensed or registered by the state, who provides or purports to provide mental health services" designation listed in the "counselor or therapist" definition clearly identifies the individuals who come within the statute's prohibitions.

Iowa Code § 709.15(1)(*a*). Any person who renders "treatment, assessment, or counseling of another person for a cognitive, behavioral, emotional, mental, or social dysfunction, including an intrapersonal or interpersonal dysfunction" provides " '[m]ental health service.' " *Id.* § 709.15(1)(*d*). There is no doubt the language of section 709.15 applies to the services Gonzalez is alleged to have provided to the female patient under the facts in the trial information and attached minutes. Therefore, we conclude Gonzalez's vagueness claim is without merit.

In his motion to dismiss, Gonzalez also asserted Iowa Code section 709.15 is unconstitutionally overbroad. A statute is overbroad in violation of the Fourteenth Amendment to the United States Constitution if it seeks to control or prevent activities subject to regulation in a manner that is unnecessarily broad, thereby invading protected freedoms. *State v. Reed*, 618 N.W.2d 327, 331 (Iowa 2000). Gonzalez did not identify a protected freedom in his motion to dismiss or in his argument on appeal. Gonzalez's failure to do so causes us to find his overbreadth argument is waived. *See id.* at 331-32.

Accordingly, Gonzalez's constitutional challenges to Iowa Code section 709.15 fail.

**V. Disposition.**

Because we find the facts the State has alleged charge that Gonzalez was a counselor or therapist for purposes of Iowa Code section 709.15 and his constitutional claims fail, we reverse the district court's granting of the motion to dismiss the trial information and remand the case for further proceedings.

**REVERSED AND CASE REMANDED.**