WIGGINS, Justice
(concurring in part and dissenting in part).
I concur in part and dissent in part with the majority’s decision. I concur with the majority’s conclusion that substantial evidence supported the verdict finding Hearn aided and abetted robbery and theft. I part ways with the majority’s conclusion that Hearn is guilty of felony eluding under the legislative scheme concerning the law of eluding.
The majority lost its way when it broadly defined the word “pursuer,” analogized our eluding statute to the hot-pursuit statute, and turned the rule of lenity on its head. What the majority failed to consider anywhere in its decision is the statutory scheme devised by our legislature regarding the crime of eluding.
The goal of statutory interpretation is to determine legislative intent. Auen v. Alcoholic Beverages Div., 679 N.W.2d 586, 590 (Iowa 2004). When interpreting a statute, we are required to assess a statute in its entirety, not just isolated words or phrases. State v. Young, 686 N.W.2d 182, 184-85 (Iowa 2004). Indeed, “we avoid interpreting a statute in such a way that portions of it become redundant or irrelevant.” T & K Roofing Co. v. Iowa Dep’t of Educ., 593 N.W.2d 159, 162 (Iowa 1999). We look for a reasonable interpretation that best achieves the statute’s purpose and avoids absurd results. Harden v. State, 434 N.W.2d 881, 884 (Iowa 1989). Under the pretext of interpretation, we “may not extend, enlarge, or otherwise change the meaning of a statute.” Auen, 679 N.W.2d at 590. Finally, we strictly interpret criminal statutes with doubts resolved in the defendant’s favor. State v. Gonzalez, 718 N.W.2d 304, 308 (Iowa 2006).
To understand the basis for my dissent, it is necessary to review the entire legislative scheme for the crime of eluding. The statute provides:
1. The driver of a motor vehicle commits a serious misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop. The signal given by the peace officer shall be by flashing red light, or by flashing red and blue lights, and siren. For purposes of this section, “peace officer” means those officers designated under section 801.4, subsection 11, paragraphs “a”, “b ”, “c ”, “/”, “g”, and “⅛”.
2. The driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section and in doing so exceeds the speed limit by twenty-five miles per hour or more.
3. The driver of a motor vehicle commits a class “D” felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law *589 enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
a. The driver is participating in a public offense, as defined in section 702.13, that is a felony.
b. The driver is in violation of section 321J.2 or 124.401.
c. The offense results in bodily injury to a person other than the driver.
Iowa Code § 321.279 (2009). Section 321.279(3)(a) incorporates the statutory definition of “participating in a public offense” contained in section 702.13 as an element of the crime. Section 702.13 defines “participating in a public offense” as the defendant’s conduct
during part or the entire period commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be.
Id. § 702.13.
The statutory scheme chosen by the legislature makes it very clear that the classification grades for the crime of eluding is based on the increasing potential of harm to the public. Situations with the least potential of harm are when a driver of a vehicle “willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop.” Id. § 321.279(1). Under these circumstances, the driver commits a serious misdemeanor. Id.
Situations with a greater potential of harm are when
the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section and in doing so exceeds the speed limit by twenty-five miles per hour or more.
Id. § 321.279(2). The legislature knew that a driver exceeding the speed limit by twenty-five miles per hour or more is more likely to cause injury to other persons and property than a driver who simply fails to stop and does not drive at an excessive speed. Thus, the legislature classified this type of eluding as an aggravated misdemeanor. Id.
Finally, situations involving the greatest potential of harm and situations that cause actual harm occur when
the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
a. The driver is participating in a public offense, as defined in section 702.13, that is a felony.
b. The driver is in violation of section 321J.2 or 124.401.
c. The offense results in bodily injury to a person other than the driver.
Id. § 321.279(3). Under these situations, the legislature has declared eluding to be a class “D” felony. Id.
One way felony eluding occurs is when the driver willfully fails to bring his or her vehicle to a stop and exceeds the speed limit by twenty-five miles per hour or *590 more, while participating in a felony. Id. Participating in a felony terminates “when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers.” Id. § 702.13. The majority makes a wrong turn in its analysis, by giving “pursuers” a broad definition rather than a narrow one, as required by the legislative scheme. I am convinced the legislative scheme indicates a legislative intent that to be guilty of felony eluding, continuous pursuit from the crime scene is required.
I agree with the majority that a “pursuer” is a “one that chases or follows after.” Webster’s Third New International Dictionary 1848 (unabr. ed.2002). A police officer is always pursuing bad guys. For example, officers on routine patrol are continuously running license plates to determine if a vehicle is stolen. If an officer runs a plate, determines the vehicle is stolen, and gives chase, under the broad definition of pursuer, the driver is guilty of felony eluding if the driver willfully fails to bring the vehicle to a stop and exceeds the speed limit by twenty-five miles per hour or more.
Moreover, the majority’s interpretation of the statute gives a jury no guidance as to when the officer is in pursuit. Is the officer in pursuit based on how far away he or she may be from the scene? Does the jury determine whether the officer was in pursuit by how much time has passed between the commission of the crime and when the officer observed the vehicle? Is it a combination of both time and distance? By applying the majority’s analysis, can a person be guilty of felony eluding if the officer learns of a stolen vehicle and encounters the vehicle an hour later? I think so. Thus, a judge has no way to instruct the jury and the jury has no way to differentiate between felony eluding and aggravated misdemeanor eluding.
In addition, we are required to interpret a statute so it is constitutional. Hensler v. City of Davenport, 790 N.W.2d 569, 578 (Iowa 2010). Under the majority’s interpretation, what notice does the statute give a citizen as to when an eluding changes from a misdemeanor to a felony? Does the majority’s interpretation create a due process problem? I think so.
It is clear to me the legislative scheme requires continuous pursuit to establish felony eluding. A situation involving continuous pursuit has the most potential to cause severe harm. Criminals will do unpredictable things when confronted by the police at a crime scene. The victims of the crime and innocent bystanders are more prone to be injured by a desperate criminal trying to flee the scene of a crime. Therefore, felony eluding under 321.279(3)(a) should be reserved for those situations when the officer confronts a criminal at the scene. Thus, if the defendant has withdrawn from the scene without an officer pursuing him or her, the defendant is guilty of aggravated misdemeanor eluding. This interpretation not only gives juries and defendants a bright-line rule differentiating between felony eluding and aggravated misdemeanor eluding, but also is consistent with the rule of lenity requiring us to interpret criminal statutes strictly, with doubts resolved in the defendant’s favor. Gonzalez, 718 N.W.2d at 308.
At the time the officer began the chase, Hearn had withdrawn from the scene of the crime, without any person pursuing him. Neither the victim nor any innocent bystanders at the scene of the crime were in any danger due to this high-speed chase. Consistent with the legislative scheme, I would find Hearn guilty of aggravated misdemeanor eluding.
As a result, I would vacate the decision of the court of appeals, reverse the judg *591 ment of the district court, remand the case to the district court to enter judgment against the defendant for aggravated misdemeanor eluding, and resentence the defendant accordingly.
HECHT, J., joins this concurrence in part and dissent in part.