**IN THE COURT OF APPEALS OF IOWA**

No. 15-1467
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONALD GENE HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, James C.

Ellefson (plea) and Timothy J. Finn (sentencing), Judges.


        A defendant appeals challenging the factual basis to support his guilty

plea and his sentence.  **AFFIRMED AND REMANDED.**


        Jennifer Bonzer of Johnson & Bonzer P.L.C., Fort Dodge, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Following his guilty plea, Donald Hall was convicted of interference with official acts while displaying a dangerous weapon, a class "D" felony, in violation of Iowa Code section 719.1 (2013). He also entered written guilty pleas to possession of marijuana, second offense, and prohibited acts, in violation of Iowa Code sections 124.401(5) and 124.402. In this appeal he asserts his attorney was ineffective in permitting him to plead guilty to interference with official acts when the record lacked a factual basis to support the element that he displayed a dangerous weapon. He also claims the court abused its discretion in sentencing him by considering unproven and unprosecuted charges. Finally, he claims the sentencing order for the possession of marijuana conviction contravened the oral pronouncement of the sentence.

## I. Factual Basis—Display a Dangerous Weapon.

During the plea hearing, when Hall refused to admit the elements of the charge of interference with official acts, the guilty plea was converted into an *Alford*[1] plea, and Hall agreed the court could look to the minutes of evidence for the factual basis to support the charge. Hall ultimately agreed that if the police officers involved in his arrest testified as detailed in the minutes, the jury would find the element of displaying of a dangerous weapon had been proved beyond a reasonable doubt. On appeal, Hall asserts his attorney was ineffective in permitting him to plead guilty when the minutes do not actually support a factual

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

basis for that element. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) ("Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances." (citations omitted)). In order to succeed on his claim, Hall must prove the record in this case lacks a factual basis to support the element that he displayed a dangerous weapon. *See id.* at 765. His challenge has two parts: (1) whether he displayed the knife and (2) whether the knife was a dangerous weapon.

The minutes provided Officer Eric Siemens would testify he was dispatched to Hall's home on the report of a disturbance with multiple people yelling and multiple loud slamming noises. When Officer Siemens arrived on scene, he could hear a male yelling and a female crying. The back door to the residence appeared to have been kicked off its hinges and was lying against debris inside the home. Fearing for the safety of the female crying inside the home and having had previous experience with Hall, including interference, assault, and narcotics, Officer Siemens entered the home without announcing his presence, accompanied by Sergeant Tom Watson. Office Siemens followed the sound to the bedroom, where Hall was sitting on the bed. Officer Siemens announced his presence, and Hall grabbed a small plastic bag containing a white substance and shoved it in his mouth. Hall then attempted to run towards a sliding glass door, and Officer Siemens pinned him against the door and a dresser, ordering him to spit out the narcotics. Hall was actively fighting against Officer Siemens, and the two moved towards the bed with Officer Siemens

pulling Hall to the ground. While Sergeant Watson attempted to secure Hall's left arm, Officer Siemens saw Hall's right hand grab a green-handled, open pocket knife from the bed. Officer Siemens secured Hall's right wrist and removed the knife. Hall continued to resist the officers' attempts to remove the substance from his mouth, and after multiple further attempts to secure Hall's hands, Officer Siemens deployed his taser twice, allowing the officers to place Hall in handcuffs.

Hall contends the knife he had in his hand did not meet the statutory definition of a dangerous weapon because there was no information about the length of the blade. *See* Iowa Code § 702.7 (defining a dangerous weapon to include a "knife having a blade exceeding five inches in length"). However, an instrument can also be a dangerous weapon when it is "actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being." *See id.*; *see also Ortiz*, 789 N.W.2d at 765–67 (describing the three statutory definitions of a dangerous weapon contained in section 702.7).

We conclude there is a factual basis to support the conclusion the pocket knife here was a dangerous weapon because it was used in a manner to indicate Hall's intent to inflict death or serious injury and the knife was capable of inflicting death upon a human. While Hall was attempting to swallow what appeared to be drugs and the police were attempting to stop him from doing so, a struggle ensued. During the struggle, Hall grabbed an open pocket knife. Based on the evidence in the minutes, it is clear that Hall intended to use the knife against the officers and thereby free himself and escape custody. We conclude a factual basis supports the conclusion the knife was a dangerous weapon.

Hall also challenges the factual basis to support the conclusion he "displayed" the knife. Hall claims that the State wants to exchange the word "display" for "possess" and the minutes only support the conclusion he possessed the knife. Hall asserts Officer Siemens stopped him from "displaying" the knife when the officer removed it from his hand. There is no definition of display in the statute and neither party, nor this court, has found any Iowa cases interpreting the word "display" within the context of section 719.1. While we agree display means something more than possess, we conclude the minutes of testimony support the conclusion Hall "displayed" the knife.

Display is defined in the dictionary to include "exhibit to the sight or mind: give evidence of: show, manifest, disclose." *Display*, *Webster's Third New International Dictionary Unabridged* (unabr. ed. 2002); *see State v. Gonzalez*, 718 N.W.2d 304, 308 (Iowa 2006) ("We may consult a dictionary in order to determine the ordinary meanings of words used by the legislature."). Based on this definition of display, we conclude Hall "displayed" the open pocket knife because he exhibited the knife to the sight of Officer Siemens. He did more than possess the knife; Hall held the knife in a manner so that it could be seen by others. By placing the knife in his hand during the struggle where Officer Siemens could view it, Hall displayed the knife.

Because there is a factual basis in the minutes of evidence to support both the conclusion Hall's knife was a dangerous weapon and that he displayed the knife, we conclude Hall's attorney was not ineffective in failing to challenge the guilty plea through a motion in arrest of judgment. *See State v. Brubaker*, 805

N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

## II. Sentence—Unproven Charges.

Next, Hall contends the district court abused its discretion in sentencing him because the court considered unproved and unprosecuted offenses. During sentencing, the court referred to Hall's two-page criminal history listed in the presentence investigation (PSI) report. Hall notes the PSI included in those two pages some charges that were still pending and the offenses for which Hall was being sentenced.

We review a district court's sentencing decision for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. A remand for resentencing is necessary if the court improperly considers unproven or unprosecuted charges. *Id.* However, a sentence that is within the statutory limits "is cloaked with a strong presumption in its favor." *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). "To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

Based on the record, we conclude Hall has fallen short of affirmatively showing the court relied on the pending, unproven charges during sentencing. The court, in referencing Hall's criminal history as reported by the PSI, stated,

> As I look over your two to two and a half pages depending on—I guess it's just two pages of criminal record, starting with the adult history on October 14 of 2003, running through and including some of these matters being before the court today, I see a certain trend.
>
> One is that many of them are drug-related. Some of them are interference with official acts. In fact, you've got at least two of those.
>
> And it's been going on for since at least 2003, I guess from 2003 to the present time.

Contained within the two pages of the PSI's criminal history section were at least five prior convictions for drug-related offenses and three prior convictions for interference with official acts. Thus, in referencing the drug-related convictions and the interference convictions, the court was not necessarily referring to unproven or unprosecuted offenses but offenses for which Hall had been previously convicted. While the district court did not follow the parties' joint sentencing recommendation or the sentencing recommendation of the PSI, we discern no abuse of discretion in its sentencing decision.

**III. Sentence—Suspension.**

Finally, Hall claims the court erred in the written sentencing order. During the sentencing hearing, the court accepted the joint sentencing recommendation with regard to the possession-of-marijuana conviction. That sentencing recommendation was for a suspended one-year jail term, to be served concurrently to the five-year sentence on the interference conviction. However, the sentencing order provided the one-year term was not suspended but imposed. The State concedes error on this point.

"A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and

commitment, the oral pronouncement of sentence controls.'" *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). Thus, this case must be remanded to the district court for the issuance of a nunc pro tunc order to correct the clerical error in the judgment entry and make the record reflect the court's pronouncement that Hall's one-year jail term for the possession conviction is suspended. *See id.* at 527. ("[W]hen a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court. The district court may correct a clerical error in a judgment entry through issuance of a nunc pro tunc order." (citations omitted)).

## IV. Conclusion.

We affirm Hall's conviction as we conclude a factual basis supports his guilty plea. We also conclude the court did not abuse its discretion in sentencing Hall. However, the case must be remanded to the district court for the issuance of a nunc pro tunc order so that the sentencing order for the possession conviction can be corrected to reflect the oral pronouncement of the sentence.

**AFFIRMED AND REMANDED.**