# IN THE COURT OF APPEALS OF IOWA

No. 16-0984
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL LAMAR WELLS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Michael Wells appeals the district court's denial of his motion to correct an illegal sentence and denial of his application for court-appointed counsel. **WRIT ANNULLED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ. Blane, S.J. takes no part.

**MULLINS, Judge.**

In 2012, Michael Wells pled guilty to one count of attempted murder, two counts of willful injury causing serious injury, and one count of possession of a firearm as a felon. He was sentenced to consecutive terms of imprisonment for all four counts, for a total sentence of fifty years. Wells did not directly appeal his conviction, but in 2014, he filed a pro se motion to correct an illegal sentence, asserting the two willful injury counts should merge with the attempted murder conviction. The district court appointed counsel to represent Wells upon Wells's application. The State resisted the motion, asserting the case of *State v. Clark*, 475 N.W.2d 193, 193–96 (Iowa 1991), held willful injury was not a lesser-included offense of attempted murder so the counts do not merge. On the day of the hearing on the motion, Wells, through appointed counsel, withdrew his motion, and the court conducted a colloquy with Wells to determine the withdrawal of the motion was knowing and voluntary.

On March 15, 2016, Wells filed a second pro se motion to correct an illegal sentence that was identical to the first motion. He again applied for the appointment of counsel. On May 31, 2016, the district court denied both the motion to correct an illegal sentence, citing *Clark*, 475 N.W.2d at 196, and denied the application for the appointment of counsel, concluding a motion to correct an illegal sentence is not a "critical stage" of the trial proceeding.

Wells filed a notice of appeal,[1] and the district court appointed appellate counsel to represent him on appeal. Wells asserts on appeal the district court

---

[1] As an initial matter, the State asserts Wells did not have a right to appeal the district court's denial of his motion to correct an illegal sentence and any review of the district

should have appointed him counsel to represent him on his motion to correct an illegal sentence and the court should not have denied his motion without a hearing.

### I.       Appointment of Counsel

Wells asserts he has a statutory right to the appointment of counsel for his motion to correct an illegal sentence. In support of his position, he cites Iowa Rule of Criminal Procedure 2.28(1) and Iowa Code section 815.10(1) (2016). Rule 2.28(1) provides, in part:

> Every defendant, who is an indigent person as defined in Iowa Code section 815.9, is entitled to have counsel appointed to represent the defendant at every stage of the proceedings from the defendant's initial appearance before the magistrate or the court through appeal, including probation revocation hearings, unless the defendant waives such appointment.

Likewise, section 815.10(1) provides, in part:

> The court, for cause and upon its own motion or upon application by an indigent person or a public defender, shall appoint the state public defender's designee pursuant to section 13B.4 to represent an indigent person at any stage of the criminal . . . proceedings or on appeal of any criminal . . . action in which the indigent person is entitled to legal assistance at public expense.

Wells claims his motion to correct an illegal sentence is necessarily a stage of the "criminal proceeding."

---

court's decision in this case must come by way of a petition for writ of certiorari or application for discretionary review. We agree the proper form of review of a district court's ruling on a motion to correct an illegal sentence is by certiorari or discretionary review. *See State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017). However, Wells's failure to seek the proper form of review is not fatal to his claim. "[I]f a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action." *Id.* (citing Iowa R. App. P. 6.108). We treat Wells's notice of appeal and brief as a petition for writ of certiorari, and we grant the writ.

Rule 2.28(1) notes an indigent defendant is entitled to appointed counsel at every stage of the criminal proceeding "*from* the defendant's initial appearance before the magistrate or the court *through* appeal." (Emphasis added.) A motion to correct an illegal sentence is not a "stage" between the initial appearance and appeal. Such a motion can only come after judgment and sentence has been entered, and in this case, the motion was filed four years after the appeal period had expired. Section 815.10(1) is similarly worded to permit the appointment of counsel at any stage of the proceeding or appeal. It does not provide for appointment of counsel for post-appeal period motion practice.

Wells also asserts he is constitutionally entitled to appointed counsel under the Federal and Iowa Constitutions. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."); Iowa Const. art. I, §10 ("In all criminal prosecutions, . . . the accused shall have a right . . . to have the assistance of counsel."). The State asserts Wells did not preserve error on his constitutional claims. Assuming, without deciding such claims are preserved, we have previously held there is no constitutional right to have counsel appointed for a motion to correct an illegal sentence. *See State v. Cohrs*, No. 14-2110, 2016 WL 146526, at *2–3 (Iowa Ct. App. Jan. 13, 2016). We see no reason to depart from that position in this case.

Wells next contends another provision of article I, section 10 of the Iowa Constitution confers a right to the appointment of counsel when it states: "In all criminal prosecutions, and *in cases involving the life, or liberty of an individual* the accused shall have a right . . . to have the assistance of counsel." (Emphasis

added.)  Because his motion pertains to his liberty interest in not being confined to prison longer than statutorily authorized, he asserts he is entitled to counsel for his motion to correct an illegal sentence.

However, the "cases involving the life, or liberty of an individual" clause was added to the constitution in 1857 in response to the Fugitive Slave Act to give escaped slaves the right to a trial in Iowa.  *See In re Johnson*, 257 N.W.2d 47, 54 (Iowa 1977) ("No one can doubt from the convention record that the disputed language was added to art. I [section] 10 in an effort to nullify the Fugitive Slave Act by giving persons accused as escaped slaves the right to jury trial in Iowa.").  *But see State v. Young*, 863 N.W.2d 249, 279 (Iowa 2015) ("But the 'cases' language of article I, section 10 has broader application than the immediate problem it was designed to ameliorate.  While it may be that the 'cases' language amounts to constitutional support for a right to counsel in qualifying civil contexts, it also strongly suggests that if a right to counsel exists in civil cases in which 'liberty' is involved, it also must exist in criminal prosecutions in which 'liberty' is also at stake.").  At this point, the "cases" language in article I, section 10 has not been extended to confer a state constitutional right to counsel for motions to correct an illegal sentence, and we decline to do so here.

Finally, Wells claims he is constitutionally entitled to the appointment of counsel based on due process and fundamental fairness.  Wells concedes that appointment of counsel under this argument is done on a case-by-case basis where the accused makes a "colorable" claim and the reasons for the claim are "complex or otherwise difficult to develop or present."  *See Pfister v. Iowa Dist. Ct.*, 688 N.W.2d 790, 795–96 (Iowa 2004) ("[W]hen the circumstances of a

particular case meet the standard set forth in *Gagnon* [*v. Scarpelli*, 411 U.S. 778 (1973)], due process requires that counsel be appointed to represent indigent parolees."). Assuming without deciding that due process under the Federal or Iowa Constitutions would permit the appointment of counsel when a defendant makes a "colorable" claim that is "complex" or "difficult to develop or present" in a motion to correct an illegal sentence, no such complex colorable claim existed here.

Wells's claim is based on his belief that the double jeopardy clause requires the willful injury convictions to merge into the attempted murder conviction.[2] This merger argument has been rejected by the Iowa Supreme Court in *Clark*, 475 N.W.2d at 195–96:

> "[W]e see nothing to prevent the State from charging and convicting an individual for both attempting to murder and, at the same time, willfully injuring a victim. Application of the legal elements test plainly demonstrates that willful injury is not a lesser-included offense of attempted murder. No reason appears to depart from the legal elements test in the present case just because both offenses arise out of the same course of conduct by the defendant. Neither the opinions of the Supreme Court nor pertinent Iowa statutory law compels a contrary result in the context of a single criminal prosecution. No violation of the defendant's claimed rights under the double jeopardy clause occurred.

In light of the controlling precedent on the issue Wells raised in his motion to correct an illegal sentence, we conclude it was not an abuse of discretion for the district court to deny Wells the assistance of counsel for his motion.

---

[2] While Wells cited the case of *State v. Velez*, in his motion to correct an illegal sentence, he made no claim the two willful injury convictions violated the Double Jeopardy Clause as a double punishment for the same offense. 829 N.W.2d 572, 584 (Iowa 2013) (finding no Double Jeopardy violation based on the defendant's guilty pleas to two counts of the same offense); s*ee also State v. Love*, 858 N.W.2d 721, 726 (Iowa 2015) (Mansfield, J., concurring) ("When the instructions permit the jury to convict the defendant twice of the same offense (or of an offense and a lesser included offense) based on the same conduct, and two guilty verdicts are returned, merger must follow.").

## II. Hearing

Wells also faults the district court for summarily rejecting his motion without providing him a hearing. Wells contends there were complex legal and factual issues that required an evidentiary hearing. As noted above, in light of the controlling precedent that willful injury is not a lesser-included offense of attempted murder, *see Clark*, 475 N.W.2d at 195–96, there is no indication a hearing, evidentiary or otherwise, would have been of any benefit to Wells.[3] *See State v. Poulson*, No. 11-1340, 2012 WL 1864790, at *2 (Iowa Ct. App. May 23, 2012) (denying claim for a hearing on a motion to correct an illegal sentence where defendant "has not indicated what, if anything, would have been gained by a hearing on his motion"); *see also State v. Gonzales*, 718 N.W.2d 304, 309 (Iowa 2006) (holding that to conduct an evidentiary hearing in response to a defendant's motion to dismiss the trial information "only wastes valuable judicial resources that the court can use for other matters requiring such a hearing"). Because Wells's motion, based on the assertion that his willful injury convictions should merge with his attempted murder conviction as a lesser-included offense, was strictly a legal—rather than evidentiary—determination, which was resolved by controlling precedent, we conclude the district court was not required to hold a hearing on Wells's motion to correct an illegal sentence.

**WRIT ANNULLED.**

---

[3] In his appellate brief, Wells notes his motion cited the cases of *Velez*, 829 N.W.2d at 584, and *State v. Ross*, 845 N.W.2d 692, 706 (Iowa 2014), in support of his motion and those cases involve complex factual merger issues. However, both of those cases pertain to convictions for multiple counts of the same offense, not the merger of the conviction for one offense into the conviction for a separate offense. In his motion, Wells did not challenge the legality of his sentence for the two counts of willful injury.