# IN THE COURT OF APPEALS OF IOWA

No. 22-0617
Filed January 25, 2023

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**KENDALL WAYNE HAMMES,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Washington County, Daniel Kitchen, District Associate Judge.


        The State appeals the district court's pretrial dismissal of the charge of animal abuse causing serious injury or death.  **REVERSED AND REMANDED.**


        Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellant.

        Jeffrey L. Powell of Keegan, Tindal, & Jaeger, PLC, Iowa City, for appellee.



        Heard by Greer, P.J., Chicchelly, J., and Gamble, *S.J.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CHICCHELLY, Judge.**

This appeal concerns the district court's pretrial dismissal of a charge against Kendall Hammes for animal abuse causing serious injury or death. The State contends dismissal was in error because Hammes does not have an absolute statutory defense. Finding the State's statutory interpretation correct, we reverse and remand for further proceedings.

## I.      *Background Facts and Proceedings.*

The parties do not dispute the underlying facts giving rise to this case. On June 19, 2021, Hammes was intoxicated and got down in his dog's face while reprimanding him. The dog responded by biting Hammes. Hammes then put the dog in a kennel in his garage and went into his house to retrieve his handgun. Hammes fatally shot the dog in its kennel.

The State charged Hammes with animal abuse causing serious injury or death, in violation of Iowa Code section 717B.2(1) (2021). In January 2022, Hammes filed a combined pretrial notice of defense and motion to dismiss, asserting that he had an absolute defense pursuant to Iowa Code section 351.27. The district court agreed and dismissed the charge in March. The State filed a timely notice of appeal.

## II.     *Review.*

"Our review of a district court's granting of a motion to dismiss a charge in a trial information is for the correction of errors at law." *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). "In addition, we review questions of statutory interpretation for the correction of errors at law." *Id.* "We accept the facts alleged by the State in the trial information and attached minutes as true." *Id.*

### III.    Discussion.

This appeal hinges on the interpretation of the statutory defense Hammes claims:

> It shall be lawful for any person to kill a dog, wearing a collar with a rabies vaccination tag attached, when the dog is caught in the act of chasing, maiming, or killing any domestic animal or fowl, or when such dog is attacking or attempting to bite a person.

Iowa Code § 351.27. The State submits that Hammes's conduct does not fall within the scope of this statute because the attack or attempt to bite was completed and the successful kenneling of the dog eliminated any imminent or continuing threat. Hammes asserts his actions were protected because he caught his dog actively attacking and biting him, secured the dog to prevent it from attacking other individuals, and immediately retrieved his handgun. Hammes contends that the State's interpretation imposes a reasonability requirement and demands a self-defense-like scenario that undermines both the plain language and practicality of the statute.

We disagree. Our court previously determined that the reasonability limitation found in the statute under which Hammes was charged does not apply to the statutory defense provided by section 351.27. *See State v. West*, No. 06-1316, 2007 WL 2963990, at *4–5 (Iowa Ct. App. Oct. 12, 2007). In fact, reasonability would not apply under the charging statute either because Hammes acknowledges his dog was confined at the time of the shooting. *See* Iowa Code § 717B.2(2) ("This section shall not apply to: . . . (i) A person reasonably acting to protect a person from injury or death caused by an unconfined animal."). As the State explains, the phrase "when such dog is attacking or attempting to bite" plainly

uses the present tense, not the past tense. *Cf. State v. Hernandez*, No. 16-1350, 2018 WL 347711, at *4 (Iowa Ct. App. Jan. 10, 2018) ("[T]he statute uses the present tense term 'is' rather than the past tense term 'was' . . . ."). Because the facts reflect that the dog was confined and not presently attacking or attempting to bite anyone, this case was not suitable for pretrial dismissal. *See State v. Wolff*, 155 N.W. 165, 166 (Iowa 1915) (rejecting the statutory defense because the evidence did "not disclose any present act of the dog, or an act approximately present, which would justify the shooting").

Whether the dog's conduct was encompassed within the statutory defense under section 351.27 is a question of fact that should have been left for consideration at trial after full development of the facts. *See City of Davenport v. Claeys*, 119 N.W.2d 755, 912 (Iowa 1963) ("The question as to whether this dog was then in the act of worrying defendant's stock was a fact question for the court, which was acting without a jury."); *Wolff*, 155 N.W. at 166 ("[W]hether the dog in question was caught in the act of worrying is a question of fact . . . .").[1] Accordingly, we reverse the district court's pretrial dismissal of Hammes's charge for animal abuse causing serious injury or death and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[1] Iowa Code section 351.27 was amended in 2007 to remove the term "worrying" from the first list of justifiable conduct, which previously read that it was "lawful for any person to kill a dog . . . when the dog is caught in the act of worrying, chasing, maiming, or killing any domestic animal." *See* 2007 Iowa Acts ch. 111, §1.