# In the Iowa Supreme Court

No. 25–0821

Submitted April 21, 2026—Filed June 19, 2026

**State of Iowa,**

Appellant,

vs.

**Kevin Charles Lind,**

Appellee.

Appeal from the Iowa District Court for Polk County, Paul D. Scott, judge.

The State appeals the dismissal of a human trafficking charge under Iowa Code section 710A.2 (2024). **Affirmed.**

Per curiam.

Brenna Bird, Attorney General, and Louis S. Sloven (argued), Assistant Attorney General, for appellant.

Jonathan M. Causey (argued) of Causey & Ye Law, P.L.L.C., Des Moines, and Paul J. Statler of Babich Sarcone, P.L.L.C., Des Moines, for appellee.

**Per Curiam.**

This is a companion case to *State v. Lind* (*Lind I*), ___ N.W.3d ___, ___ (Iowa 2026). In this case, as in *Lind I,* Kevin Lind is charged with human trafficking in violation of Iowa Code section 710A.2(1) (2024). In this case, as in *Lind I,* the State accuses Lind of violating that statute by "knowingly . . . attempting to purchase services involving commercial sexual activity from a victim or another person engaged in human trafficking." *Id.* § 710A.1(4)(*b*). In this case, as in *Lind I,* it is undisputed that Lind did not negotiate to purchase services involving commercial sexual activity from any actual "victim," a term that the statute defines as a "person subjected to human trafficking." *Id.* § 710A.1(13). Also, it is undisputed that Lind did not negotiate to purchase services involving commercial sexual activity from any other "person" who was actually "engaged in human trafficking." *Id.* § 710A.1(4)(*b*). Accordingly, the district court dismissed the human trafficking charge.

As the State points out, though, the trial information and minutes of testimony allege that Lind negotiated with a prostitute who had represented to Lind that she would provide a minor for sexual activity in exchange for money. Yet, after the prostitute was deposed, the State conceded that she had actually been lying to Lind.[1] She was never really going to provide the minor, the State conceded. Even so, the State alleges, Lind believed the prostitute's representations and intended to act on them. And if those alleged facts were proven, the State argues, they would be enough to show that Lind engaged in

---

[1]Ordinarily, a motion to dismiss a charge in a trial information would rise or fall on the facts alleged in the minutes and trial information, which we would accept as true. *See State v. Gonzalez,* 718 N.W.2d 304, 307 (Iowa 2006) ("We accept the facts alleged by the State in the trial information and attached minutes as true."). We would accept those alleged facts as true regardless of what witnesses might say in their depositions. This situation is special, however, because the State conceded in the district court that the prostitute was never actually going to provide a minor to Lind.

human trafficking under the "attempting to purchase" definition. *Id.* This is true, the State says, even though the prostitute was not actually "engaged in human trafficking" and the minor was not actually a "victim," that is, a person "subjected to human trafficking." *Id.* § 710A.1(4)(*b*), (13).

We rejected this approach in *Lind I*, ___ N.W.3d at ___. Instead, we concluded that the 2024 version of the statute—under which Lind was charged in both cases—was violated only if a defendant attempted to purchase sex services from an *actual* victim or another person *actually* engaged in human trafficking. *Id.* at ___. Here, it is undisputed that Lind did neither. Therefore, Lind did not violate Iowa Code section 710A.2(1), and the district court was correct to grant Lind's motion to dismiss. We affirm.

**Affirmed.**

This opinion shall not be published.